UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 21ST CENTURY FLOORING, LLC D/B/A LUNA FLOORING, <br><br> Plaintiff, <br><br> v. <br><br> LUNA HEATING AND AIR CONDITIONING LLC, <br><br> Defendant. | Civil Action No. 18cv7046 |

## COMPLAINT

Plaintiff 21st Century Flooring, LLC, d/b/a Luna Flooring ("Luna"), by its undersigned attorneys, for its Complaint and Jury Demand against Defendant Luna Heating and Air Conditioning LLC ("Defendant") alleges as follows:

## PARTIES

1. Luna is a Delaware corporation with its principal place of business in Northlake, Illinois.

2. Defendant is an Illinois corporation with a principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this civil action pursuant to 15 U.S.C. § 1501, *et seq.*, over which this Court has express subject matter jurisdiction pursuant to 15 U.S.C. § 1121, as well as federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so

related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Luna and Defendant because they are doing business in Illinois and offer products and services for sale in Illinois.

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391. Defendant resides in this judicial district, and a substantial portion of the events or omissions giving rise to the claims herein arose in this judicial district.

## FACTUAL BACKGROUND

### A. Luna's Trademark Ownership

7. Luna is one of the top home flooring providers in the country, and for over sixty years, Luna has been engaged in the business, inter alia, of the sales and marketing of carpet and flooring and carpet and flooring installation services to the general public throughout the United States (the "Luna Services").

8. Since at least the late 1950s, Luna has provided its Luna Services to the public under the Luna name and one or more trademarks comprising the word "Luna," including, but not limited to, the marks identified in Paragraph 12 below (collectively, the "LUNA Marks").

9. Luna displays and uses the LUNA Marks in advertising and promotional materials for Luna's services in interstate commerce, including without limitation, on television, radio commercials, and print and online advertisements. Further, Luna is the owner and operator of several websites, including the website available at the URL http://www.luna.com, which is used to advertise and promote Luna's Luna Services.

10. Long before the Defendant's acts, the LUNA Marks became extremely well known among consumers throughout the United States.

11.     As a result of Luna's extensive use, advertising and promotion of the LUNA Marks, said LUNA Marks have become famous and have acquired strong secondary meaning identifying Luna as the source of the Luna Services offered.

12.     Luna has obtained a number of trademark registrations for its marks in the United States Patent and Trademark Office (copies of the registration certificate for each of the marks detailed below are attached hereto as composite **Exhibit A**). Such registrations include, but are not limited to, the following:

| Trademark | Registration Number | Goods/Services |
|---|---|---|
| LUNA | **3301575** | Cl. 35: Shop-at-home, retail store and on-line retail store services in the fields of carpeting and flooring.<br><br>Cl. 37: Installation services in the fields of carpeting and flooring. |
| (LUNA logo with crescent moon) | **3390977** | Cl. 35: Shop-at-home, retail store and on-line retail store services in the fields of carpeting and flooring.<br><br>Cl. 37: Installation services in the fields of carpeting and flooring. |

13.     Luna's trademark registrations identified above are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). As such, those registrations serve as conclusive evidence of the validity of the LUNA Marks and of the registration of those marks, of Luna's ownership of these marks, and of Luna's exclusive rights to use these marks in U.S. commerce.

14. As a result of the extensive use and promotion by Luna of the LUNA Marks, Luna now owns valuable goodwill, which is symbolized by said name and marks, and the use of the LUNA Marks substantially increases the value of Luna's business and the salability of its Luna Services.

**C. Unauthorized Use of the LUNA Marks by Defendant.**

15. Long after Luna acquired fame and secondary meaning in its LUNA Marks, as well as the issuance of the above-mentioned registrations to Luna, Defendant began using the mark "Luna" in commerce in connection with heating and air conditioning services (the "Infringing Luna Mark")

16. Defendant's Infringing Luna Mark has diluted the goodwill associated with the famous LUNA Marks, and otherwise deceived the consuming public.

17. On information and belief, Defendant uses the Infringing Luna Mark to represent itself as employees of, or affiliates of, Luna and to deceive customers into entering into agreements with Defendant. *See* **Exhibit B**.

18. Luna has received reports from customers who had been confused by Defendant into thinking there was some connection between Luna and Defendant.

19. On July 18, 2018, shortly after Luna learned of Defendant's activities described herein, Luna sent a cease and desist letter to Defendant requesting that Defendant cease and desist from using the Infringing Luna Mark. (Exhibit C). Luna did not receive a response to this letter.

20. On August 3, 2018, Luna sent a copy of the July 18, 2018 cease and desist letter to Defendant's registered agent. (Exhibit D). Luna did not receive a response to this letter.

21. On September 17, 2018, Luna sent a letter to Defendant's registered agent to follow up on its August 3, 2018 letter. (Exhibit E). Luna did not receive a response to this letter.

22. Defendant's unauthorized use of the Infringing Luna Mark is willful, deliberate, and done with an intent to trade upon the fame and goodwill represented by the LUNA Marks, to improperly suggest or imply the existence of an affiliation or license between Luna and Defendant, to dilute the distinctiveness of the LUNA Marks, and to mislead and confuse actual and potential consumers.

## COUNT I
### Federal Unfair Competition/False Designation of Origin - 15 U.S.C. § 1125(a)

23. Luna realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully stated herein.

24. Section 1125(a)(1)(A) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> ….
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities…

25. Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its services in violation of 15 U.S.C. § 1125(a).

26. Defendant's unauthorized use of the Infringing Luna Mark falsely suggests that Defendant is associated with Luna in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. Defendant's unauthorized use of the Infringing Luna Mark causes consumers to think that Defendant is affiliated with or sponsored by Luna in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the LUNA Marks causing irreparable injury to Luna.

29. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Luna. Luna is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT II
### Federal Trademark Dilution - 15 U.S.C. § 1125(c)

30. Luna realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully stated herein.

31. Luna has exclusively and continuously promoted and used the Luna Marks in the United States since the 1950's. The LUNA Marks have become a famous and well-known identifier of Luna and the Luna Services.

32. Defendant is making use in commerce of the Infringing Luna Mark, which dilutes and is likely to dilute the distinctiveness of the LUNA Marks. Moreover, Defendant's deceptive conduct tarnishes and degrades, and is likely to tarnish and degrade, the positive associations and

prestigious connotations of the LUNA Marks, and otherwise lessening the capacity of the LUNA Marks to identify and distinguish Luna's Luna Services.

33. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the good will associated with the LUNA Marks, causing irreparable injury to Luna.

34. Defendant has caused and will continue to cause irreparable injury to Luna's goodwill and business reputations, and dilution of the distinctiveness and value of Luna's famous and distinctive LUNA Marks in violation of 15 U.S.C. 1125(c). Therefore, Luna is entitled to injunctive relief, Defendant's profits, actual damages, enhanced profits and damages and reasonable attorneys' fees under 15 § U.S.C. 1125(c), 1116, and 1117.

### COUNT III
**Unfair Business Practices and Unfair Competition – Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, et seq.**

35. Luna realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully stated herein.

36. Defendant used and/or employed deception, false pretense, misrepresentation, and/or the omission of material facts with the intention that others rely on such deception, false pretense, misrepresentation, and/or omission of material facts, as set forth above in the conduct of trade and/or commerce.

37. By reason of its acts stated above, and by reason of its deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, misappropriation, unjust enrichment, and tortious interference, Defendant has committed unfair competition and unfair business practices under 815 ILCS § 505/2 and Illinois common law.

38. Luna has suffered and will continue to suffer irreparable harm and damage as a result of Defendant's unfair competition and unfair business practices, in an amount not yet

ascertainable, entitling Luna to injunctive relief, to recover its actual damages, and other relief under 815 ILCS § 505/10a.

39. Defendant's acts as stated above, were willful and/or undertaken with malice, entitling Luna to recover three times the amount of its actual damages, as well as attorneys' fees as provided for under 815 ILCS § 505/10a.

40. Defendant will continue in its unfair competition and unfair business practices unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, 21st Century Flooring, LLC d/b/a Luna Flooring, respectfully prays this Court:

(1) issue a preliminary and permanent injunction enjoining Defendant, and each of its officers, directors, agents, servants, employees, and representatives, and all those acting in concert or participation with Defendant who receive actual notice, from continuing to use Luna's trademarks (or names likely to cause confusion with Luna's trademarks) and goodwill;

(2) award Luna compensatory damages in an amount to be proven at trial;

(3) award Luna punitive or exemplary damages in an amount to be proven at trial;

(6) award Luna its reasonable attorneys' fees and costs; and

(7) grant such further relief as the Court deems just and appropriate.

Dated:  October 19, 2018                    21ST CENTURY FLOORING, LLC

                                            By:  /s/John S. Letchinger

                                            John S. Letchinger (No. 6207361)
                                            (*jletchinger@bakerlaw.com*)
                                            Suzanne M. Alton de Eraso (No. 6317254)
                                            (*saltondeeraso@bakerlaw.com*)
                                            **BAKER & HOSTETLER LLP**
                                            191 North Wacker Drive, Suite 3100
                                            Chicago, Illinois 60606-1901
                                            Telephone: (312) 416-6200
                                            Facsimile: (312) 416-6201

                                            *Counsel for Plaintiff 21st Century Flooring, LLC*